UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ANDRE J. TWITTY,                  :
                                  :
     Plaintiff,                   :
                                  :   PRISONER
V.                                :   Case No. 3:04-CV-410(RNC)
                                  :
JOHN ASHCROFT, et al.,            :
                                  :
     Defendants.                  :
```

RULING AND ORDER

This case is before the Court on a motion for summary judgment filed on behalf of the Connecticut officials and employees named as defendants in the amended complaint (doc. # 48).[1] The moving defendants seek summary judgment dismissing all the claims against them. For reasons that follow, I agree that summary judgment should be granted on all the claims except the excessive force claim against defendant Salius. Accordingly, the motion is granted in part and denied in part.

Background

In January 2004, plaintiff was transferred from the United States Penitentiary in Marion, Illinois, a maximum security

---

[1] The amended complaint lists as defendants the following Connecticut officials and employees: former Governor John Rowland, his staff assistant Carol Annino, Attorney General Richard Blumenthal, Commissioner of the Department of Correction Theresa C. Lantz, and Wayne Choinski, Warden of Northern Correctional Institution. In addition, the complaint names as defendants the following Department of Correction personnel: Lynn Milling, Terence Rose, Esther Torres, Jeffrey McGill, Brian Bradway, and Scott Salius. The amended complaint also lists as defendants "ten unknown officers." The complaint has not been amended to replace any of these "unknown defendants" with a named defendant.

facility operated by the Federal Bureau of Prisons ("BOP"), to the Northern Correctional Institution in Somers, Connecticut, a maximum security facility operated by the Connecticut Department of Correction ("DOC"). Soon after the transfer, he commenced this action against numerous federal and state officials claiming that the transfer was illegal and that his federal constitutional rights were being violated by DOC personnel. An amended complaint making essentially the same claims was eventually filed and served. In November 2005, the plaintiff was transferred from Northern to the United States Penitentiary in Florence, Colorado, another maximum security facility operated by the BOP, where he is currently incarcerated.

The amended complaint alleges that the plaintiff was transferred from Marion to Northern pursuant to a conspiracy between federal and state officials to retaliate against him for filing lawsuits and grievances against the BOP and its personnel. The amended complaint further alleges that the plaintiff was assaulted by corrections officers at Northern and was denied medical treatment for injuries he sustained in the assault. Finally, the amended complaint alleges that legal papers belonging to the plaintiff were stolen or destroyed by unnamed defendants "acting in concert" and that he was denied access to the law library at Northern in order to impede his access to courts.

Discussion

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  No such issue exists if "the record as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In determining whether this standard is met, the court gives credence to any evidence favorable to the non-moving party.  Evidence favorable to the moving party, on the other hand, is disregarded unless it is undisputed or comes from a neutral source and is uncontradicted and unimpeached.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000) (discussing identical standard under Fed. R. Civ. P. 50).

Retaliatory Transfer

Plaintiff's retaliatory transfer claim requires proof that (1) he engaged in constitutionally protected conduct; (2) the defendants took adverse action against him; and (3) there was a causal connection between the protected activity and the adverse action.  See Gill v. Pidlypchak, 389 F.3d 370, 380 (2d Cir. 2004).  The moving defendants contend that, even assuming

plaintiff can prove the first of these elements, he has failed to demonstrate the existence of a genuine issue of material fact with regard to the other two. I agree.[2] Plaintiff points to no evidence, direct or circumstantial, that any of the moving defendants was personally involved in the process leading to his transfer from Marion to Northern or had an unconstitutional motive.

In his memorandum in opposition to summary judgment, plaintiff argues that he is entitled to proceed to trial against the Connecticut defendants on his retaliatory transfer claim because he alleges that a conspiracy existed between the federal and state defendants to punish him for petitioning for redress. Merely alleging the existence of a conspiracy is insufficient to withstand a properly supported motion for summary judgment; there must be proof to support a finding that the participants in the alleged conspiracy shared a common objective. Here, there is no evidence that any of the Connecticut defendants knew about the federal defendants' alleged plan to punish the plaintiff for filing lawsuits and grievances. Plaintiff contends that such

---

[2] Defendants support their assertion with the affidavit of defendant Lynn Milling, the manager of Connecticut's Interstate Compact Office, stating that plaintiff was one of five inmates transferred to Connecticut pursuant to a prisoner exchange program, that the DOC had no role in initially selecting plaintiff to participate in the program, and that, at the time of plaintiff's transfer, the Interstate Compact Office had no information about his litigation activities.

evidence is unnecessary, see Pl.'s Mem. at 7("it is not required that the 'State of Connecticut defendants' actually 'knew' the actual plan of the 'Federal Defendants'"). In his view, it is sufficient that the Connecticut defendants have admitted that they agreed to the transfer. See id. at 6 ("Defendants' argument as to Plaintiff's 'conspiracy' claim is equally without merit [,] as the Defendants 'admit' there was a 'prior' agreement to transfer."). On the record before me, the mere fact that DOC agreed to the transfer is insufficient to support a reasonable inference that any of the named defendants conspired to retaliate against the plaintiff for exercising First Amendment rights. Accordingly, summary judgment on this claim is proper.

Excessive Force

To prevail on an excessive force claim, a prisoner must prove that corrections officials used force maliciously and sadistically for the purpose of causing harm. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The amended complaint alleges that when the plaintiff arrived at Northern, a team of corrections officers led by defendant Salius brutally assaulted him. The moving defendants seek summary judgment on this claim contending that none of them was personally involved in the incident except defendant Salius and any force used by the officers under his command was reasonably necessary to overcome the plaintiff's resistance. In support of their motion, they

5

submit a videotape of the "intake-escort." In addition, they offer defendant Salius's sworn affidavit stating that "[a]t no time during Inmate Twitty's intake and escort did I, or any other correctional official, use any more force than was necessary to deal with a resistant and threatening inmate." In his memorandum in opposition to summary judgment, plaintiff does not reassert the allegations in his amended complaint that his head was slammed into the wall and he was punched and kicked. Instead, he emphasizes that the officers used a "reverse-escort" technique for the sole purpose of causing harm.

I agree that none of the defendants can be held liable under § 1983 for the alleged use of excessive force except possibly defendant Salius.[3] After careful review of the videotape in light of the whole record, I find that with regard to defendant Salius the excessive force claim presents genuine issues of material fact including the following: whether the plaintiff resisted the officers and, if so, when, in what manner, and to

---

[3] As noted at the outset, plaintiff's amended complaint lists as defendants "ten unknown officers," a group that presumably includes the officers in the team led by defendant Salius. Defendants argue that it is too late for the plaintiff to sue any of these officers because the statute of limitations has passed. See Tapia-Ortiz v. Doe, et al., 171 F.3d 150, 152 (2d Cir. 1999)(pro se plaintiff's failure to amend his complaint within the period provided by the statute of limitations to specifically name officers who allegedly violated his rights was fatal to his claim). In his memorandum in opposition, plaintiff does not respond to the defendants' argument. Nor does he argue that he should be able to pursue a claim against any of the unnamed officers. Accordingly, any such claim is dismissed.

what degree; whether the plaintiff's resistance justified the various uses of force shown on the tape; whether the officers applied force to the plaintiff's body in a manner calculated to cause pain and, if so, for what purpose; whether the officers were entitled to continue to apply that force despite the plaintiff's complaints of pain; the circumstances that justify use of the reverse handcuffed escort technique; whether use of the technique was justified in this instance; whether the technique, properly used, causes pain and injury; whether the officers used the technique in a manner that caused pain and injury; what caused the plaintiff and the officers to wind up in a pile on the floor; and what happened while they were on the floor.

The moving defendants argue in general terms that none of the plaintiff's claims can overcome the defense of qualified immunity, but they have not argued specifically that the excessive force claim against defendant Salius must be dismissed on this basis. In the absence of an argument focused on the excessive force claim, I cannot conclude that defendant Salius has sustained his burden of establishing that he is entitled to qualified immunity, particularly in view of the genuine issues of fact listed above, at least some of which appear to be material to his defense. Accordingly, the excessive force claim survives the motion for summary judgment with regard to defendant Salius,

7

although not with regard to any of the other named defendants.

Denial of Medical Care

The complaint asserts that the staff at Northern denied medical treatment for injuries the plaintiff allegedly sustained when he was assaulted by the officers under defendant Salius's command. These injuries allegedly consisted of "gashes to his wrists and ankles," injuries to his face and back, a loss of feeling in his thumb, and internal bleeding. The moving defendants argue that summary judgment is proper on this claim because (1) after the "intake-escort," the plaintiff was promptly examined and properly treated for his only visible injuries, which consisted solely of abrasions to his ankles caused by his leg shackles; (2) the plaintiff subsequently made no requests for medical assistance at any time, despite having various means available to him for making such requests; and (3) the plaintiff cannot prove that any of the named defendants was personally involved in any denial of medical care.

In his opposition to summary judgment, plaintiff points to a grievance he filed complaining about a denial of medical care. The record he points to shows that his grievance was denied on the ground that he had not requested medical care. Plaintiff offers no evidence to support a finding that he requested medical care before filing the grievance or that he did so after the grievance was denied. Nor does he offer evidence to support a

8

finding that a named defendant was aware of his allegedly serious medical needs and ignored them due to deliberate indifference. On this record, a jury asked to consider the plaintiff's claim of denial of medical care could not return a verdict in his favor against any of the named defendants. Accordingly, summary judgment on this claim is proper.

Denial of Access to Court

In support of his denial of access claim, plaintiff complains that his legal papers were stolen or destroyed during his transfer to Northern and that the transfer itself had the effect of "slowing down" his attempts to prepare and file legal papers. Crediting plaintiff's allegations for purposes of the present motion, they do not support a denial of access claim against the moving defendants because there is no evidence that any of these defendants was responsible for the transfer or the fate of his legal papers. See Avent v. New York, 157 Fed. Appx. 375, 377 (2d Cir. 2005) (showing of personal involvement required for denial of access claim); Hudson v. Israel, 594 F. Supp. 664, 669 (D. Wis. 1984) (action for denial of access to courts arising from transfer can be maintained only against individuals directly responsible for the transfer). Plaintiff also alleges that the defendants violated his First Amendment rights by denying him access to the unit library while he was incarcerated at Northern. This allegation is unavailing because it is undisputed that the

plaintiff had access to legal assistance at Northern and, in any event, he points to no evidence to support a finding of actual injury, which is an essential element of this type of claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996)(examples of "actual injury" include complaints dismissed for failure to satisfy technical requirements and inability to file complaints because of deficiencies in legal access).[4] Accordingly, summary judgment is proper on this claim as well.

Conclusion

For the foregoing reasons, the Connecticut defendants' motion for summary judgment (doc. # 48) is hereby granted in part and denied in part. The action against the Connecticut defendants is hereby dismissed with the sole exception of the excessive force claim against defendant Salius.

So ordered this 30th day of January 2008.

/s/
Robert N. Chatigny
United States District Judge

---

[4] It bears noting that while incarcerated at Northern, plaintiff commenced five cases in this District alone in which he regularly complied with technical requirements. See Nos. 3:04-CV-1769(AWT), 3:04-CV-1771(WWE), 3:05-CV-229(PCD), 3:05-CV-1448(RNC), and 3:06-CV-1069(RNC).