```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


ANDRE TWITTY,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :         CASE NO. 3:04cv410(DFM)
                                 :
JOHN ASHCROFT, et al,            :
                                 :
     Defendants.                 :
```

RULING ON PLAINTIFF'S MOTION IN LIMINE

Pending before the court is the plaintiff's motion in limine. (Doc. #133.) For the reasons that follow, the motion is granted in part and denied in part.

I.   Background

In this § 1983 action, the plaintiff alleges that the defendant, a Connecticut Department of Correction employee, used excessive force during the plaintiff's intake at a Connecticut state prison in 2004. The defendant denies the plaintiff's allegation. According to the defendant, the plaintiff was noncompliant and as a result, a minimal amount of force was used to accomplish the plaintiff's intake and escort.

The plaintiff is presently incarcerated, having been convicted in 1999 of two felonies: willfully communicating a threat in violation of 18 U.S.C. § 844(e) and threatening law enforcement officers and the family of one of the officers in violation of 18 U.S.C. §§ 115(a)(1)(A), (a)(1)(B) and (b)(4)).

II. <u>Discussion</u>

The plaintiff seeks to preclude the defendant from introducing testimony and/or documentary evidence of his 1999 felony convictions.[1]  In the alternative, the plaintiff argues that only the fact "that he is serving prison time for two felony convictions (without identifying the name or underlying details of the offenses)" be admitted. (Doc. #133 at 1.)

The plaintiff argues that the court should preclude evidence of his felony convictions because they are not relevant and the prejudicial effect of their admission substantially outweighs their probative value.  The plaintiff points out that jury knows that he was incarcerated both at the time of the incident and currently.[2]  Under these circumstances, the plaintiff argues, there is little probative value to be gained by introducing evidence as to the underlying felony convictions for which he is incarcerated.  In response, the defendant contends that the felony convictions are probative of the plaintiff's credibility.

---

[1] In addition to the two 1999 felony convictions, the plaintiff seeks to preclude the admission of his conviction of a (1) misdemeanor in Arizona in 1997 for threats against a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B) and (2) felony in Minnesota in 1995 for making threatening communications under 18 U.S.C. § 875(c).  The defendant has indicated in response to the plaintiff's motion that he "does not intend to elicit any evidence concerning these convictions." (Doc. #140 at 2.)  The plaintiff's motion, therefore, as to the Arizona and Minnesota convictions is denied without prejudice as moot.

[2] The court informed the jurors of this fact during jury selection.

The parties agree that Fed. R. Evid. 609(a)(1) governs the admissibility of the convictions. Rule 609(a)(1) provides that, for the purpose of attacking the credibility of a witness:

> [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403,[3] if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Fed. R. Evid. 403. This determination is left to the sound discretion of the district court."  United States v. Estrada, 430 F.3d 606, 621 (2d Cir. 2005).

In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the

---

[3]Rule 403 provides:
  Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

conduct at issue, and (4) the importance of the credibility of the witness." Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing United States. v. Hayes, 553 F.2d 820, 828 (2d Cir. 1977)). See also 4 Weinstein's Federal Evidence, § 609.05[2] at 609.34 (2010). "Although all of these factors are relevant, '[p]rime among them is [the first factor, i.e.,] whether the crime, by its nature, is probative of a lack of veracity." United States v. Brown, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (citing United States v. Ortiz, 553 F.2d 782, 784 (2d Cir. 1977)).

As to the first factor, although "[r]ule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005), "all Rule 609(a)(1) felonies are not equally probative of credibility." Id. at 618. The plaintiff's convictions for threatening are not particularly probative as to honesty or veracity. See id., at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility).

As to the second criterion, the "probative value of a conviction decreases as its age increases." 4 Weinstein's Federal Evidence, § 609.05[3][d] at 609-41 (2d ed. 2010). Neither party argues the effect of this consideration and the court finds that the factor does not appear to be significant in this case, neither diminishing nor adding to the probative value of the plaintiff's

convictions.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction.  The less similar the pending case to the prior conviction, the less prejudicial its admission is."  Stephen v. Hanley, No. 03-CV-6226(KAM)(LB), 2009 WL 1471180, at *5 (E.D.N.Y. May 21, 2009).  On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts."  Lewis v. Velez, 149 F.R.D. 474, 483 (S.D.N.Y. 1993).

In this case, the plaintiff contends that admission of his convictions would impermissibly invite a propensity inference, that is, that he "has a propensity to 'threaten' authority figures or act aggressively, which is particularly prejudicial in the case at hand given that the defendant asserts that the plaintiff threatened the corrections officers on the date in question."  (Doc. #133 at 10.)

A similar argument was made in Lewis v. Velez, 149 F.R.D. 474 (S.D.N.Y. 1993).  As in this case, the plaintiff in Lewis was an inmate who alleged that the defendant correction officers used excessive force.  The plaintiff sought to preclude admission of his prior assault conviction because he feared its admission would

result in undue prejudice.  The court agreed, finding that

> [g]iven the facts of the current case, assault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition. Informing the jury that [plaintiff] has been convicted for a prior assault would be unacceptably prejudicial. Thus, while the fact that [plaintiff] is a convicted felon serving a sentence of eleven years to life may be elicited, the charge on which he was convicted may not.

149 F.R.D. at 483.

The danger in this case, as in Lewis, is that the nature of the plaintiff's convictions might unfairly bias the jury against him.  Although the plaintiff was convicted of making threats (as opposed to assault), his convictions are for crimes of violence. The court is persuaded that the jury is likely to draw the inference from the nature of the plaintiff's convictions that he has the propensity to engage in violent behavior.

Finally, it is undisputed that the plaintiff's credibility is a central issue in this case.  Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609.

Based on the foregoing considerations, the court finds that the probative value of the fact of the plaintiff's felony convictions as well as the date and the sentence imposed outweighs the prejudicial effect of this evidence.  However, the probative value of the name and nature of the convictions is substantially outweighed by the danger of unfair prejudice.  Accordingly,

evidence as to the date of the plaintiff's two felony convictions and the sentence is admissible; the names of the convictions are not. See Giles v. Rhodes, No. 94 CIV. 6385(CSH), 2000 WL 1510004, at *1 (S.D.N.Y. Oct. 10, 2000)("numerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense"). See, e.g., United States v. Brown, 606 F. Supp.2d 306, 312 (E.D.N.Y. 2009)("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense."); United States v. Joe, No. 07 Cr. 734(JFK), 2008 WL 2810169, at *4 (S.D.N.Y. July 21, 2008) (Government restricted to inquiring about date of prior conviction and sentence imposed and precluded from inquiry into the statutory name of the offense or the facts underlying the conviction because "this detail poses a danger of unfair prejudice"); Livingston v. Lee, No. 9:04-cv-00607(JKS), 2007 WL 3197517, at *1 (N.D.N.Y. Oct. 26, 2007)(in § 1983 case brought by prisoner plaintiff, court precluded evidence of "particular crime for which [plaintiff] was convicted or his sentence"); Clem v. Lomeli, No. 2:05cv02129(JKS), 2007 WL 2688842 (E.D.Cal. Sept. 13, 2007) (in excessive force case brought by prisoner plaintiff, evidence limited to the fact that plaintiff was convicted of a felony); Giles v. Rhodes, No. 94 CIV. 6385(CSH), 2000 WL 1510004, at *1 (S.D.N.Y. Oct. 10, 2000)(in excessive force

case brought by prisoner plaintiff, defendants permitted to cross-examine plaintiff "concerning the fact that he is a convicted felon sentenced to more than one year in prison court" but not as to acts and circumstances of his conviction and length of his sentence as that evidence "poses a danger of unfairly prejudicing the jury"); Daniels v. Loizzo, 986 F. Supp. 245, 251 (S.D.N.Y. 1997) (limiting "Defendants' use of the conviction to the fact and date of the conviction"); Young v. Calhoun, No. 85 CIV. 7584 (SWK), 1995 WL 169020, at *4 (S.D.N.Y. Apr. 10, 1995)(in civil rights action by prisoner plaintiff, court held that "[w]hile [plaintiff's] prior felony conviction [of murder] is relevant to his credibility, however, evidence concerning the type of crime for which he is incarcerated is not necessary to impeach his credibility" and precluded defendants from eliciting details as to the nature of the offense).

III. Conclusion

For these reasons, the plaintiff's motion in limine is granted in part and denied in part.  Evidence as to the date of the plaintiff's two felony convictions and the sentence is admissible; the names of the offenses are not.

SO ORDERED this 23rd day of April, 2010 at Hartford, Connecticut.

                    _____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge